JOHN F. HISEY, Respondent, v. THE CITY OF CHARLES-
TON, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Cities of Fourth Class:** EXERCISE OF LEGISLATIVE POWER: CHANGE
OF ORDINANCE BY RESOLUTION OF BOARD OF ALDERMEN.   The entire
legislative power of a city of the fourth class is vested in the board
of aldermen and the mayor, whose acts can only be evidenced by
ordinances duly passed.   Accordingly, an ordinance fixing the com-
pensation of a municipal officer of such a city can not be changed by a
resolution adopted by the board of aldermen alone.

2. **Practice, Appellate**: AFFIRMANCE OF JUDGMENT AS BEING FOR RIGHT PARTY. This court will not affirm the judgment of the trial court on the ground that it is for the right party, when the cause has been tried on an incorrect theory and the appellant has been debarred, in consequence, from producing his evidence.

*Appeal from the Mississippi Circuit Court.*—Hon. HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

*James A. Boone* and *Geo. S. Elliott* for appellant.

*W. C. Russell* for respondent.

BIGGS, J.—This suit was commenced before a justice of the peace. Omitting the formal parts, the complaint is as follows, to wit: "Plaintiff states that on the second day of June, 1894, he was elected marshal of the city of Charleston, Missouri, to fill the unexpired term of E. G. Elkins; that, by virtue of section 1, article 5, ordinances of said city, he is *ex officio* street commissioner of said city; that, on the fourth day of June, 1894, he filed his bond as such marshal and street commissioner, and took the oath of office in accordance with the ordinances; that said bond was approved by the board of aldermen in regular session; that, on the fourth day of June, 1894, the board of aldermen, in regular session, by its order of record appointed plaintiff night watchman of said city, and fixed his salary as street commissioner and night watchman at the sum of $35 per month; that he served as such night watchman and street commissioner for two months; that defendant has paid him the sum of $35, and still owes him $35, which is past due, and payment has been demanded and refused; and plaintiff asks judgment for $35 and costs.

The answer of the defendant was to the effect that there was no ordinance fixing the salary of street commissioner.

At the instance of the plaintiff, the court instructed the jury as follows, to wit: "The court instructs the jury that, if you believe and find from the evidence that John Hisey was marshal of the city of Charleston, and *ex officio* street commissioner of said city, during the month of July, 1894, and his salary as street commissioner has not been paid for that month, then your finding will be for plaintiff in amount not exceeding the sum of $35.

The jury returned a verdict for plaintiff for $35, upon which judgment was entered, and the defendant appealed.

The cause of action stated in the complaint is for the salary of the plaintiff as street commissioner and night watchman of the city. On the trial no attempt was made to recover anything on account of the services as watchman, it being conceded that no such position had been lawfully created by the board of aldermen. It was admitted that, on the fourth day of June, 1894, the plaintiff was elected marshal of the city to fill an unexpired term; that he duly qualified, and that, under the ordinances, the marshal of the city is *ex officio* its street commissioner. It was also conceded that the compensation of the street commissioner is fixed by ordinance at $1.50 for each day actually employed, and seventy-five cents for each half day actually employed. The plaintiff introduced evidence tending to prove that, subsequently, under an arrangement with his predecessor, the board of aldermen, by resolution, imposed on the street commissioner the duty of night watchman, and fixed his salary for both at $35 per month. He also read an ordinance providing that the salary of a city officer "shall not be

changed during the time for which he was elected or appointed." It was admitted that the plaintiff had received nothing for his services as street commissioner for the month of July.

The theory upon which the case was tried, as the plaintiff's evidence and instruction show, was that his salary as street commissioner had been fixed by *resolution* of the board of aldermen at $35 per month. This position is untenable. The defendant is a city of the fourth class. By the statute governing such cities, the entire legislative power is vested in the board of aldermen and the mayor, whose acts can only be evidenced by ordinances duly passed. Revised Statutes, 1889, art. 5, chap. 30; *Thrush v. City of Cameron*, 21 Mo. App. 394; *Crutchfield v. Warrensburg*, 30 Mo. App. 456. The compensation of the street commissioner had been fixed by ordinance, and it was made to depend upon the services actually performed. The attempt on the part of the board of aldermen *alone* to change this by resolution was inoperative.

This we understand counsel for plaintiff now to concede. They argue, however, for an affirmance upon the ground that the judgment is for the right party, in that the evidence shows, without contradiction, that during the working days of the month of July the plaintiff was actually engaged as street commissioner, and that the amount of the recovery, if not more, was actually due him. Against this it may be said that the case was tried and submitted to the jury upon an entirely different theory. Again, while it is true that the plaintiff testified that he was engaged every day during the month of July as street commissioner, the defendant was prevented from showing that, during the greater portion of the time, he was otherwise occupied, presumably upon the idea that the street commissioner was to be paid a salary.

We have no doubt that under proper amendment the plaintiff may recover the amount actually due him for his services as street commissioner, as fixed and determined by ordinance, and to that end we reverse the judgment and remand the cause. All the judges concur.