## O'DAY v. McDANIEL, Appellant.

### Division Two, May 10, 1904.

TAXATION: Suit for Taxes: Proceeding In Rem: Inaccurate Description: Void Judgment. In a suit for the collection of taxes, being practically a proceeding *in rem* to fix a lien upon property, it is essential that the petition describe the property in a definite manner, as a necessary part of the statement of the cause of action. A description of land as "Tract No. 1, West End Add. Und. ½ Und. ½ 73, 74, 75," is insufficient, and a judgment based on such petition is void and subject to collateral attack, although the judgment departed from the petition and made the taxes a lien on the following land: "Springfield, Mo., West End Addition undivided ½ interest Lots 73, 74, and 75." There can be no personal judgment in a tax suit even where there is personal service, and the court could not render a judgment on property in Springfield when the petition made no attempt to describe property in the corporate limits of said city.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

Vol 181 mo—34

*Benj. U. Massey* for appellant.

(1) The tax deed to McDaniel is regular on its face, contains all the essential recitals conferring jurisdiction; the property is completely and correctly described, and the legal title to same is thereby well vested in McDaniel, and said deed is not subject to attack in this collateral proceeding, unless the judgment upon which it is based is absolutely void. Wellshear v. Kelley, 69 Mo. 343; Gray v. Bowles, 74 Mo. 419; Smith v. Nelson, 110 Mo. 552; Brown v. Walker, 11 Mo. App. 233; Knoll v. Woelken, 13 Mo. App. 275. (2) The tax judgment against Reilly, upon which said tax deed is based, is in due form. The court in the trial of that cause had jurisdiction of the subject-matter of the suit, and of the person of Reilly, and the question of the incomplete or insufficient description of the property was a matter of defense at that trial, and was by the judgment in that case finally adjudicated and determined, and that matter can not in this proceeding be again inquired into, nor the judgment in that case now be set aside or be in anywise disturbed. Wellshear v. Kelley, 69 Mo. 351; Lewis v. Morrow, 89 Mo. 174; Allen v. McCabe, 93 Mo. 138; Hill v. Sherwood, 96 Mo. 125; Smith v. Nelson, 110 Mo. 552; Knoll v. Woelken, 13 Mo. App. 275. (3) It was competent on the trial of the tax suit, and at the hearing of this, to introduce testimony to explain any ambiguity or vagueness in the description of the premises involved, for the purpose of identifying same, and the testimony introduced here identifies the property mentioned in the tax petition as the same property described in tax deed. Hammond v. Johnson, 93 Mo. 214; Bollinger Co. v. McDowell, 99 Mo. 637; Turner v. Dixon, 150 Mo. 423; Brown v. Woody, 64 Mo. 547; Smith v. Nelson, 110 Mo. 552; Charles v. Patch, 87 Mo. 450; Brown v. Walker, 85 Mo. 262.

*Heffernan & Heffernan* for respondent.

(1)   Before the court could acquire jurisdiction, it was essential that a petition be filed containing a description of the real estate to be affected by the proceeding.   R. S. 1899, sec. 575; Schell v. Leland, 45 Mo. 289; Vaughan v. Daniels, 98 Mo. 235.   (2)   When there is no land described in the petition, there can be no jurisdiction of the subject-matter in such case, and without jurisdiction the judgment is void and open to collateral attack.   Bowling v. McFarland, 38 Mo. 460; Vaughan v. Daniels, 98 Mo. 231; Railroad v. Atchison, 137 Mo. 230.   (3)   Neither the petition, judgment nor special execution described the property in controversy.   The defendant James Reilly had no notification of the tax due on the land in controversy, or his day in court, of the property described in McDaniel's deed.   The difference is not much less than it would have been if the suit had been dismissed and a new one commenced.   The proceedings by the sheriff in selling land not described in the special execution were utterly null and void. Janny v. Spedden, 38 Mo. 402; Jones v. Yore, 142 Mo. 45; Milner v. Shipley, 94 Mo. 109.   (4)   A suit for the collection of delinquent taxes against land is a proceeding *in rem;* there can be no personal judgment against the owner even when there is personal service.   It is only by the petition that the court acquires jurisdiction of the property and the defendant.   Stewart v. Allison, 150 Mo. 343; State v. Wear, 145 Mo. 226.   (5)   In tax suits the court acquires jurisdiction of the property of the defendant by the filing of the petition, etc., and no judgment can be rendered against property different from that described in the petition, which would not be void and open to collateral attack.   Milner v. Shipley, supra.

GANTT, P. J.—This is a suit to quiet the title to the undivided half interest in lots 73, 74, and 75, West End Addition to the city of Springfield, Greene county, Missouri.   The petition alleges that plaintiff is the owner of said interest in fee and that H. B. McDaniel,

the defendant, makes some claim of title to said lots by virtue of a tax deed; that both plaintiff and defendant claim title through one James Reilly as a common source of title; that defendant has never been in possession of said lots and in fact has no interest therein.

The court is asked to ascertain and determine the estate of the parties and adjudge that defendant has no interest therein. The answer asserts title to an undivided one-half interest in said lots.

The judgment of the circuit court was for plaintiff as to the one-half interest formerly owned by said James Reilly in said lots; that defendant's tax deed did not convey said lots; that said lots are not situated in the city of Springfield but in what is known as the "West End Addition" lying outside of said city.

On the trial it was admitted that James Reilly was the common source of title in both plaintiff and defendant. Plaintiff introduced a sheriff's deed of date February 10, 1900, in due form, conveying to plaintiff all of said James Reilly's right, title and interest in said three lots under a judgment in plaintiff's favor against said Reilly of date September 23, 1895, for $1,322.50.

Defendant to maintain his defense offered in evidence a sheriff's deed under a tax sale reciting a judgment of October 22, 1897, in the circuit court of Greene county in favor of the State to the use of G. M. Patterson, collector against James Reilly for $31.51 for delinquent taxes for State, county and special taxes on said real estate.

Defendant then rested.

Plaintiff in rebuttal offered in evidence the original rolls and files in the said tax suit, which showed the suit was filed February 26, 1898, and that the same was to enforce the collection of State and county taxes for the years 1892, 1893, 1894 and 1895, against lots described as "Tract 1, West End Add. Und. 1-2 int. in lots 73, 74 and 75" situate in Greene county, Missouri. The tax-

bills on which said suit was based wherein the description of said real estate is set out are as follows:

"No. 4218, Jas. B. Reilly, West End Add. 1892, valuation, $300.

"No. 4229, John B. Reilly, Und. 1-2 Und. 1-2 73, 74, 75, 1893, valuation, $300.

"No. 3080, see abstract Und. 1-2 Und. 1-2 73, 74, 75, 1894, valuation, $300.

"No. 3026, see abstract Und. 1-2 Und. 1-2 73, 74, 75, 1895, valuation, $250."

The summons issued to James Reilly and John B. Reilly and was served on James Reilly and *non est* as to John B. Reilly. James Reilly appeared and answered and the cause was dismissed as to John B. Reilly.

The petition as originally filed was against James B. Reilly and the letter "B" was stricken out of the petition and on the back of the files and crossed out on the taxbill filed with the petition, having been written in ink and scratched out with lead pencil. The summons was issued against James Reilly. It was admitted the lots in controversy are assessed on the assessment book to James B. Reilly and John B. Reilly.

It was admitted said "West End Addition" was not in the corporate limits of Springfield, but is a platted addition which adjoins the limits of Springfield on the west and contains lots designated as 73, 74 and 75 and there is no other West End Addition to said city.

From the foregoing statement of the facts appearing in the record, it will be observed that the real estate described in the petition in the tax suit, and in the assessor's book and in the certified taxbill, was "Tract No. 1. West End Add. Und. 1-2 Und. 1-2 73, 74, 75."

In the tax judgment it was described as "Springfield, Mo. West End Addition undivided one-half interest in lots 73, 74 and 75," and the same description is found in the special execution. The court found from the evidence as a fact that there was no "West End Ad-

dition'' in Springfield, Missouri; that there was such an addition platted lying outside of said city.

It is unquestionably the law of this State that in a proceeding practically *in rem* to fix a lien upon property it is essential that the petition shall describe the property in some definite or appropriate way as a necessary part of the statement of the cause of action. It was so ruled in Milner v. Shipley, 94 Mo. 106, and that a judgment rendered in a tax proceeding under our statutes against property different from that described in the petition was void and open to collateral attack, and in Vaughan v. Daniels, 98 Mo. 234, that a judgment upon a petition describing no land at all was also void.

Did the petition in the tax suit upon which defendant bases his claim describe the property in suit in this case, the undivided one-half interest in ''Lots 73, 74 and 75 in West End Addition to the city of Springfield,'' Greene county, Missouri?

Is ''Real Estate lying in Greene county, to-wit, *Tract No. 1, West End Add. Und. 1-2 in lots 73, 74, and 75*,'' *a sufficient description* in a petition?

While abbreviations in assessment lists are provided for in section 9328, Revised Statutes 1899, there is nothing in the revenue law permitting anything less than an accurate or correct description of the real estate to be charged in a petition in a suit for the collection of taxes.

There is no definite description in the petition of the land, followed by an averment that it was assessed by an abbreviated description, but it stands entirely alone and unexplained. Liberal as our system of pleading is, we find no warrant for saying that the words ''West End Add. Und. 1-2 int. in lots 73, 74 and 75,'' describe any real estate with sufficient accuracy to justify a judgment against it for taxes. We can not say what the property is or where located which is described in this petition.

The ambiguity is patent on the face of the petition.

The subsequent proceedings are dependent on the

jurisdictional facts required to be alleged in the petition. While the petition might have been amended, personal service having been had on defendant, it was not amended, and certainly there was nothing in the taxbill which would have furnished a better description, and prima facie, at least, the assessment was correctly copied into the taxbill, and if so, there was nothing by which to amend.

The judgment was a departure from the petition and made the taxes a lien and charge upon the following land to-wit, "Springfield, Mo., West End Addition undivided 1-2 interest Lots 73, 74 and 75."

But it was not within the power of the court to make the taxes a lien or charge upon property different from that described in the petition. There can be no personal judgment in these tax suits even where there is personal service, and the court could not render a judgment on property in Springfield when the petition made no attempt to describe property in the corporate limits of said city.

But even if it could have been done, it is admitted that the property described in plaintiff's petition in the present action is not in said city, and consequently the judgment, if possible, made the description worse than the petition had.

It is almost unnecessary to add that the description in the execution being the same as that in the judgment, the proceeding was not aided by the description in the execution, and as the deed depended for its validity upon the judgment, it could not convey property not described in the petition. [Milner v. Shipley, 94 Mo. loc. cit. 109.]

Had the petition in the tax suit properly described the property in suit, and the judgment followed the description, it might be presumed that notwithstanding the ambiguity in the taxbill, the court had evidence before it *aliunde* of a proper assessment, but no such presumption can be indulged in the face of a petition upon which the whole proceeding is dependent, which furnishes no ac-

curate, certain or intelligible description of the property upon which the court was asked to declare and enforce a lien. We think the circuit court correctly ruled that the tax proceedings and deed thereunder failed to convey the title of James Reilly in the property in this suit described, and it is affirmed. *Burgess* and *Fox, JJ.*, concur.