EDGAR POWELL, Respondent, v. CITY OF EXCEL-
SIOR SPRINGS et al., Appellants.

Kansas City Court of Appeals, May 3, 1909.

1. **MUNICIPAL CORPORATIONS: Change of Street Grade:
Ordinance.**  Notwithstanding the grade of a street was estab-
lished by ordinance, it is also necessary that the change to the
established grade should also be made under the authority of
an ordinance, a resolution not being sufficient.

**On Motion to Modify.**

2. ————: **Regulation of Streets: Construction.**  An action
against a city and certain property-owners owning property
abutting on a street, in which plaintiff complains of the ac-
tion of the city in changing the grade of that portion of the
street in front of the property of such owners, and allowing
them to build a retaining wall in the street interfering with
plaintiff's access to his property on the other side of the
street, a judgment holding such ordinance void as an unreason-
able interference with the rights of the opposite proprietors,
is to be construed so as not to affect the rights of the city
in the exercise of its lawful jurisdiction over such streets.

Appeal from Clay Circuit Court.—*Hon. Francis H.
Trimble,* Judge.

AFFIRMED.

*James L. Farris, E. L. Riley* and *Craven & Moore*
for appellant.

The city of Excelsior Springs has the right to estab-
lish any grades on its streets it sees fit; it is a legislative
and not a judicial question.  The courts have no right to
interfere because the grade is inconvenient or improper
—at least unless the grade is so unreasonable as to raise

a presumption of fraud. Ely v. St. Louis, 181 Mo. 730, and cases cited; Thompson & Son v. Macon City, 106 Mo. App. 84. Plaintiff is barred by laches from recovering in this case. Loomis v. Railway, 65 Mo. 469; St. Louis v. Kennett, 101 Mo. App. 730. The city of Excelsior Springs, by passing its ordinances establishing these grades after directing appellant Holman to bring the streets to grade, and after the work thereon was well under progress if not completed, ratified the bringing of the streets to grade. Akers v. Halmyer & Co., 97 Mo. App. 527.

*Horatio F. Simrall, William E. Fowler* and *Ralph Hughs* for respondent.

The abutting property-owner on a street has an equal right in said street, with the general public, and, in addition thereto, has special rights in himself—the right of ingress and egress, the right to light and air over said street, and a right to the exclusive temporary use of the adjacent street for necessary purposes of his business. Sherlock v. Railway, 142 Mo. 172; Schapp v. St. Louis, 117 Mo. 131; State ex rel. v. Railway, 206 Mo. 251; Lockwood v. Railway, 122 Mo. 99; Watson v. Railway, 69 Mo. App. 548; De Geofroy v. Railway, 179 Mo. 698. An ordinance of a municipal corporation resulting in the destruction or unreasonable interference with the rights of an abutting property-owner in a public street is void. Kapp, Stout & Co. v. Railway, 126 Mo. 26; Lumber Co. v. Railway, 129 Mo. 455; Corby v. Railway, 150 Mo. 465; Dubach v. Railroad, 89 Mo. 483. An ordinance having the effect of diverting a street from a public to a private use is void. State ex rel. v. Murphy, 134 Mo. 562; Brown v. Railway, 137 Mo. 529; Glaessner v. Brewing Assn., 100 Mo. 508. The fact that property injured abuts on two streets and access thereto from one street was unimpaired, will not defeat an action for interference with the access from the other street. Hulett v. Railway, 80 Mo. App. 87. A change in the grade of a street from an

existing to an established grade, can only be made under the authority of an ordinance duly passed by city council and approved by the mayor and unless such an ordinance is passed any attempted change in the grade of a street is a trespass. Stewart v. Clinton, 79 Mo. 603; Thrush v. Cameron, 21 Mo. App. 394; Stuebner v. St. Joseph, 81 Mo. App. 273; Kroffe v. Springfield, 86 Mo. App. 530; Hall v. Trenton, 86 Mo. App. 326; Clay v. Mexico, 92 Mo. App. 611; R. S. 1899, sec. 5979; Faust v. Pape, 132 Mo. App. 287; Swinhart v. Railway, 207 Mo. 423.

BROADDUS, P. J.—The plaintiff complains of the action of the defendants in obstructing certain streets in the defendant city.

The main facts are thus: The plaintiff is the owner of lot No. 1 and twenty feet off the east side of lot No. 2 in block No. 1 of the city of Excelsior Springs. The defendants, Fannie L. and James R. Holman, are the owners of lots No. 1 and 2 in block 14 in said city. Plaintiff's lot fronts and abuts on the north for a distance of sixty feet on Bluff street, which runs east and west, and on the east abuts for a distance of seventy feet on Elizabeth street, which runs north and south and intersects with Bluff street. Both streets have been dedicated to the use of the public. Bluff street, as laid out, is forty feet wide and Elizabeth street is of the same width. The property and streets described are located on the side of a somewhat steep hill. The hill descends from the north to the south and runs in an easterly and westerly direction. The plaintiff's property is on the south and below Bluff street and west of Elizabeth street, while that of defendants is north and above Bluff street and west of Elizabeth street.

The defendants Holman, with the permission of the city, erected a retaining wall lengthwise of Bluff street in front of plaintiff's property, which wall extended east into Elizabeth street for a distance of 26.7 feet, from thence it was extended north to a line corresponding with

the north line of Bluff street. The defendants also constructed a series of steps at the intersection of the two streets, but altogether on Elizabeth street, beginning 6 1-4 feet south of the north line of Bluff street, and which were about six feet wide and descending fourteen in number to a landing, thence east ten in number to a landing, thence south five in number, and terminating several feet south of said retaining wall. The retaining wall divided Bluff street so that twenty-six feet was north and about fourteen feet south of the wall, and about the same amount of space was left on Elizabeth street on the south, but a somewhat less distance on the east. We have not tried to be exact in these figures, but think they are approximately correct.

In going east on the northern division of Bluff street, a traveler would encounter the steps mentioned at the intersection of Elizabeth street except the six feet space between the north end of defendants' steps and the north line of Bluff street. The roadway on the south of the wall is restricted to (as stated) about fourteen feet in width and on the east as the traveler goes north to about thirteen feet. A diagram used at the trial is here attached which will serve to give a proper understanding of the location.

The wall in question ranges from two to fifteen feet in height and consists of stone.

The defendants have erected a large building on their property called the Castle Rock Hotel, which faces Bluff street. The only practical purpose for which the roadway on the north of the wall can be used is for access to plaintiff's house as the exit east into Elizabeth street is about six feet wide. And the steps erected on Elizabeth street can serve no other purpose except as a passage to and from the Holman house and except incidentally to foot-passengers who may desire to go farther up the hill.

The defendants Holman, to justify the acts complained of, introduced an ordinance of the city, which

was passed on the 11th day of October, 1900. This ordinance provided for a change of grade of the north twenty-four feet of Bluff street to the intersection of Elizabeth street. And it was recited in this ordinance that no grade should be established for the south side of said street. The Holmans graded the street and erected the wall at their own expense, which they were granted permission to do by a resolution of the council. A similar ordinance was passed to establish the grade on Elizabeth street. The change made on Elizabeth street is the retaining wall and the steps leading to the Holman house.

The defendants introduced evidence tending to show that the incline on Elizabeth street north from its intersection with Bluff street was so great that a passable road for vehicles could not be constructed, and there was but little evidence to the contrary. Bluff street was partly passable for vehicles on the south side before the erection of the wall and its condition has not been changed materially. In the grading done on Bluff street, it became necessary to make a fill, which was made by earth taken from defendants' lots, and to construct a wall for retaining purposes.

The defendants pleaded the five year statute of limitations; and that before the wall was built and fill made both streets at the place in question were so steep and precipitous that it was impracticable to put them on an uniform grade or to grade that part of Elizabeth street north of Bluff street; that on the natural grade that portion of Bluff street on which plaintiff's lot abuts had a steep slant, the north line being twenty feet higher than the south line; that Elizabeth street from its intersection with Bluff street runs north up a steep hill so that it was impossible to go north on Elizabeth street and reach another street farther up the hill running east and west and called Hillside street, and that there was no other way to go from the foot of the hill to Hillside street; that in view of these facts the board of aldermen of the city, finding it impracticable to grade said streets, and also de-

Powell v. Excelsior Springs.

siring to provide access to Hillside street of easy grade and gradual approach, established two different grades on Bluff street as shown by the description, making the south part of said street go higher as it went west and the north part go higher as it went east, so that a wagon going east on the northern portion, which gradually ascends until it reaches Elizabeth street, when there would attain an elevation of sufficient height to enable it to turn north on Elizabeth street and proceed to Hillside street—and to preserve the difference in the elevation of the two grades on Bluff street the board authorized the building of the wall in question.

On the question of limitation, the able trial judge found that the change in the grade of the street was completed in 1903. This action was begun on the 16th day of July, 1906; therefore, five years had not elapsed between the time the wall was erected and the beginning of suit. We have examined the testimony and are fully satisfied that the finding of the court upon this question is sustained.

As to that part of the wall in Elizabeth street, the court found, as it did not abut on plaintiff's land, that he suffered no special injury differing in kind from that accruing to other members of the community, and was not therefore entitled to have the same removed. The ruling of the court on this question is the law of the case and of which appellants do not complain.

With reference to the wall and fill on Bluff street, the defendants' contention that it was justified by the ordinance in question must be ruled against them. It is true, the grade was established by ordinance, but the authority to make the change from the existing to the established grade was by resolution adopted by the board of aldermen.

It has been ruled in this State that, notwithstanding the grade of a street was established by ordinance, it was also necessary that the change to the established grade should also be made under the authority of an ordinance

and that a resolution for that purpose was not sufficient. [Kroffe v. Springfield, 86 Mo. App. 530; Koeppen v. City of Sedalia, 89 Mo. App. 648.] Akers v. Kolkmeyer, 97 Mo. App. 527, cited by defendants, is also to the same effect. But the trial court, independent of the question of authority upon the part of the Holmans to make the change in the grade of the street, held that the ordinance establishing the grade of the street was void. We concur in the opinion of the court.

The court found from the evidence that, as the wall on Bluff street left a space of from 13.3 feet to 15.5 feet between it and plaintiff's property, it interfered with his right of access to his lot over the street. And this finding was supported by the evidence. In fact, it is apparent that, owing to the nature of the ground, the distance is not sufficient to allow convenient access to the street from plaintiff's property. He had an easement in the street as abutting owner and as a consequence the ordinance was an unreasonable interference with his right to the use of the street. [Knapp v. Railway Co., 126 Mo. 26; Schulenberg & Boeckeler Lumber Co. v. Railroad, 129 Mo. 455.]

The defendants' contentions are mostly as to questions of fact. They insist that the south part—in fact, all of that part of Bluff street in controversy—was in a bad condition and scarcely passable. This may be true, but it affords no reason to justify the acts of defendants complained of. The plaintiff was entitled to its reasonable use under the disadvantages attending such use, and it is no sufficient answer to say that they did not render it much less useful.

The defendants, after having successfully established the fact that Elizabeth street was incapable of being made available as a street for travel by conveyances, are guilty of the inconsistency of urging that the purpose for grading the north part of Bluff street was to afford better access to the former. The court found, and we believe properly, that the change in the grade

served no good purpose so far as the public was concerned, but was effectuated solely in the interest of the Holmans.

The judgment of the court is affirmed.   All concur.

## ON MOTION TO MODIFY.

PER CURIAM.—The judgment in this case is to be so construed as not to affect the rights of the city in the exercise of its lawful jurisdiction over said streets.