CITY OF JACKSON, MISSOURI, TO THE USE OF CAPE COUNTY SAVINGS BANK, A CORPORATION, APPELLANT, v. GIBONEY HOUCK, RESPONDENT.—43 S. W. (2d) 908.

St. Louis Court of Appeals. Opinion filed December 8, 1931.

836

*Hines & Hines* and *Spradling & Dalton* for appellant.

*L. L. Bowman* for respondent.

*Giboney Houck, pro se.*

838

HAID, P. J.—This is an appeal from a judgment for defendant upon a special tax bill for the grading, paving, curbing, draining and improving the roadway of North High Street in the city of Jackson, a city of the fourth class, from the north line of First North Street, northwardly, to the southwest corner of the Clippard property and of roadway and alley intersections with said North Street.

Section 4 of the ordinance provided that the successful bidder should within ten days after being awarded the contract, enter into a written contract therefor with the city and said improvement should be begun within ten days after such contract was entered into and the bond of the contractor approved, and should be fully completed within three months thereafter, provided that for good cause shown, the board of aldermen of the city might extend the time for completing the improvement upon application of the contractor made as soon as the necessity therefor appeared, and before the expiration of the time fixed for the completion of the same.

This ordinance was passed and approved on September 12, 1928. On December 17, 1928, the records disclose that "on motion of Mr. Miller duly seconded an extension of time to June 1, 1929, is granted the Service Construction Company in which to complete the paving on North High Street."

There appears to be no record of an ordinance extending the time, no written motion to that end and nothing to indicate that the contractor made application for an extension of time.

In his answer the defendant does not allege that he was in any wise prejudiced or inconvenienced by reason of the noncompletion of the improvement within the time specified in the contract but relies solely upon technical objections to defeat the tax bill. As is said by the court in the case of Asphalt Paving Co. v. Ullman, 137 Mo. l. c. 568, 38 S. W. 458:

"It is a grave error to suppose that the law looks with any disfavor upon these special tax bills for street improvements. They are to be treated with the same fairness and justice that should be accorded all public acts of the civil authority, when taken in conformity to law." [Paving Co. v. Hayward, 248 Mo. l. c. 297, 154 S. W. 140.]

One of the attacks made by the defendant upon the special tax bill is that the same was void because the work was not completed within the time specified by the contract and the ordinance and that the time for the completion of the work was not properly extended by ordinance as required by law. The contention is based upon the proposition that since, under section 7016, Revised Statutes of Missouri 1929 (which provides that no ordinance shall be passed except by bill and no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it and the ayes and nays be entered in the journal and that all bills shall be read three times before their passage) it required an ordinance to initiate the work of the street improvement involved it was likewise necessary that any extension of time for the completion of the work should be evidenced by an ordinance.

Undoubtedly if there had been a change made in the ordinance as to the work to be done thereunder it would have required an act of the board of aldermen of equal dignity as the ordinance itself. But the resolution in question does not in any way affect the terms of the ordinance as to the work to be done nor the manner of doing it. Defendant cites a number of cases in support of its position as follows: Ruggles v. Collier, 43 Mo. 359, in which there was an attempt by the city council to delegate to the engineer of the city the authority to determine what streets should be repaved and it was held, of course, that this was a power vested in the council and was not one that could be delegated to another. Heman v. Gilliam, 171 Mo. 258, 71 S. W. 163, sustained a tax bill although no specified time was fixed by the ordinance for the completion thereof but the contract did specify a time with a penalty for each day thereafter if the contract was not completed; it was held that its completion within a reasonable time after the date fixed by the ordinance was sufficient if deductions for the delay were taken from the contract price and from the tax bills. Sedalia v. Donohue, 190 Mo. 407, 89 S. W. 386, was one in which a city of the third class which had macadamized a street attempted, by resolution, to authorize the city clerk to levy and assess special taxes therefor, but it was held that since the statute conferred upon the council the power to cause such improvement to be made, to contract therefor and to levy the taxes therein provided, that therefore the council could act only with respect thereto by ordinance and not by resolution. Webster Groves v. Reber (Mo. App.) 226 S. W. 77, simply holds that in the absence of an allegation that the board of aldermen acted arbitrarily, capriciously or otherwise than in the exercise of the judgment and discretion lodged in it, in granting extensions of time for the performance of a contract, the court would not interfere.

It is undoubtedly true that the legislative power vested in a board of aldermen and the mayor, can be exercised only by ordinance, so that where an ordinance fixes the compensation of one of the officers of the city that compensation cannot thereafter be changed by resolution (Hisey v. City of Charleston, 62 Mo. App. 381) unless the resolution was adopted by the same formalities required in the passage of an ordinance. [Wheeler v. Poplar Bluff, 149 Mo. l. c. 45, 49 S. W. 1088; Bigelow v. Springfield, 178 Mo. App. l. c. 471, 162 S. W. 750; Powell v. Excelsior Springs, 138 Mo. App. l. c. 127, 120 S. W. 106.]

The resolution extending the time was adopted while the contract was in force and since there is no provision in the statute the ordinance or the contract requiring such extension to be by ordinance, the extension so granted did not invalidate the special tax bills issued therefor. [City of St. Charles v. Stookey, 154 Fed. 772; Haskins v. City of DeSoto (Mo. App.), 35 S. W. (2d) l. c. 967.]

The next objection made by the defendant to the validity of the special tax bill is that it fails to properly describe the property assessed and this seems to be the point upon which the trial court decided the case.

An examination of the record discloses that the lot is described in the tax bill as Lot 13 in the corporate limits of Jackson, while the specific designation of the lot was, Lot 13 of the original town of Jackson, but in all other respects the lot is described in the tax bill by metes and bounds in substantially the same language as the deed under which defendant holds title to the lot.

John Lucht, county surveyor of Cape Girardeau county (whose evidence is rather unsatisfactory as contained in the record), testified in effect, as we interpret his evidence, that from the description in the tax bill he would not know which of several lots 13 in the city was referred to, but by looking up the Groshmann property and the Jones property referred to in the tax bill would lead him to the lot 13 in question, because they are both parts of that lot.

Edward Sailor, city engineer of Cape Girardeau, testified that from the description in the tax bill he could locate the property; that the first thing he would do, if unfamiliar with the town, would be to find out where lot 13 was; that he would think that lot 13 means a lot not designated with any other name, as an addition; that in order to locate the property he would have to investigate it, the same as one would do as to every other lot; that to survey the lot he would have to look at a map, which is something "you have to do."

It seems apparent, therefore, that even to a surveyor an accurate description of the property would not indicate its location, without the aid of a map or plat to guide him, unless one was thoroughly familiar with the neighborhood.

Under these circumstances the description contained in the deed is amply sufficient under all of the authorities in this State. While it is true, as said by the court in the case of Brown v. Walker, 11 Mo. App. l. c. 234, if the land be so inaccurately described as to render its identity wholly uncertain then it is fatal, but to have this effect the ambiguity must be patent and appear on the face of the instrument and the uncertainty must not appear by matter outside. The court further says that while the same presumption of intendment cannot be inferred in a case in which the same principle here involved applies, as from a direct conveyance by a grantor, yet if the description is capable of being made certain by extrinsic evidence, the description is sufficient. The court says at page 235, "an experienced surveyor has testified that the land described in the sheriff's deed is the same as that described in the deed of Walker's grantor to him. And, although he testified that no one but a surveyor could locate the property unless he was familiar with the plats and survey,

yet this does not at all affect the question; it is entirely sufficient that the description was sufficiently certain that the property could be located by a surveyor, or by one acquainted with the plats and survey. . . . The ambiguity was a latent one, such as could be made certain by parol explanation, and this explanation has been given by a competent witness in the present case.''

An examination of the cases cited by the defendant shows that in none of them was the property described by metes and bounds. For instance in the case of State ex rel. v. Wabash, 114 Mo. 1, 21 S. W. 26, some of the property assessed was described as ''the undivided half of the Gillis' Addition to the city of Kansas, Jackson county, Missouri, except all that part thereof returned to and assessed by the state board of equalization'' and the other property assessed was described as ''all lots 5, 6, 7, 8, 9, and 10 lying outside of the right of way, West Kansas Addition No. 1.''

In the case of State ex rel. v. Burrough, 174 Mo. 700, 74 S. W. 610, the property was described in the tax bill as ''Pt. Out L. 54, Survey 2199.''

In the case of O'Day v. McDaniel, 181 Mo. 529, 80 S. W. 895, lots involved were described as ''Tract 1, West End Add. Und. 1-2 Int. in lots 73, 74 and 75.''

In the case of State ex rel. v. Linney, 192 Mo. 429, 90 S. W. 844, the property was described in the tax bill as ''.75 A. Pt. SW4, SW4, Section 17, Town 61, Range 24'' in the city of Trenton, State of Missouri.

In the case of State ex rel. v. Hamilton (Mo.), 293 S. W. 378, it was held that an assessment describing land within the city in accordance with platting, which has not been acknowledged and filed as required, will not sustain tax thereon without survey under section 12807, Revised Statutes of Missouri 1919, authorizing city council to have land surveyed and platted in certain instances.

On the other hand, in the case of Hammond v. Johnston, 93 Mo. l. c. 214, 6 S. W. 83, attack was made upon a sheriff's deed that it was void for uncertainty in the description of the property, which was as follows:

''All the right, title, interest, estate, and property of the said Samuel Hammond in and to . . . a tract of land containing two hundred and forty arpents, more or less, bounded on the south by the land of Gratiot and Philipson, on the west by land of John P. Cabanne, and on the east by land of Wm. Stokes and others, and includes the big spring known by the name of the Hammond spring.''

But the court held that ''it has been again and again ruled by this court that, however vague the description of the land in a sheriff's deed may be, parol evidence is admissible to identify the premises, and to show that in the community where the sale took place the land was known by the description given.''

See also the cases of Hart v. Rector, 7 Mo. 531; Bates v. Bank of Missouri, 15 Mo. 1. c. 309; Webster v. Blount, 39 Mo. 500; Shewalter v. Pirner, 55 Mo. 1. c. 230.

The trial court erred, therefore, in holding, under the evidence, that the tax bill was void for want of proper description of the property.

The next objection urged by the defendant to the validity of the tax bill is that an estimate of the cost thereof was not made by the city engineer or proper officer and submitted to the board of aldermen. It appears from the record that a contract was entered into between the city of Jackson and T. F. Lacey, an engineer of Chester, Illinois, employing the latter as engineer to serve said city in designing and supervising the construction of the improvement involved. Under the provisions of Section 6969 of the Revised Statutes of Missouri 1929, the city was without power to appoint a nonresident as its engineer. [Williams v. Hybskmann, 311 Mo. 1. c. 347, 278 S. W. 377.] It appears further from the record, however, that on August 20, 1928, ordinance No. 585 was passed and approved on the following day. This ordinance designated the mayor as the proper officer of said city to file with the city clerk the plans, profiles and specifications, to make and submit to the board of aldermen estimates of the costs and to have charge of the construction of the paving, grading, curbing and otherwise improving North High street from the north line of First North street northwardly 1716.2 feet to the southwest corner of the Clippard property.

The city clerk testified that the minutes of the council on August 20, 1928, showed that ''now comes the mayor and presents plans, specifications and estimates for the various street improvements, same are placed on file this 20th day of August, 1928.'' She further testified that she did not remember when the estimate was actually filed except by the file mark of August 20; that the mayor presented the estimates and the plans and specifications to her and she filed them.

J. E. Schmuke testified that he was the mayor of Jackson, and that before filing the plans and specifications, ''we went over them ourselves and I signed them;'' that Mr. Lacey, the engineer, did the physical work of making the calculations and that witness went over the estimates and plans after the engineer had completed them; that he went with the engineer over the streets and that it was possible that between the time of his appointment and the time of filing papers he did nothing except going over the estimates and plans. The witness submitted the papers as the proper officer.

This evidence discloses that the case is one entirely different from those relied on by defendant. Thus in Williams v. Hybskmann, 311 Mo. 1. c. 347, 278 S. W. 377, a nonresident engineer was employed and filed the estimates without anyone having been designated as the

proper officer of the city to do this; the case of City of New Franklin ex rel. v. Edwards (Mo. App.), 23 S. W. (2d) l. c. 237, was one in which a like situation prevailed, and the case of Rich Hill v. Donnan, 82 Mo. App. 386, was one in which the mayor designated two persons to act for him and admitted that if his name was signed to the estimate submitted, one of the two men so designated did it.

We think a fair construction of the provision of the statute is that the designated officer to submit the estimate does not necessarily require that such officer shall himself make the estimate but rather that such designated officer may do it himself or have it done under his supervision and assume the responsibility for its submission to the board of aldermen. This must be so for the reason that in many of the smaller cities, at least, it is quite unlikely that any of the officers of the city have the qualifications necessary to determine just what is needed in a city improvement of this sort, the quantity of the various kinds of materials to be used and the probable cost of the labor involved. This was just the situation which confronted the city of Kirkwood in the case of Gratz v. Kirkwood, 182 Mo. App. l. c. 589, 166 S. W. 319, and it was there held "that if the mayor was a proper officer to make and file the estimate, within the meaning of the statute, he could rightfully consult a skilled engineer concerning the same, and adopt, as his own, an estimate prepared wholly or in part by such engineer, or, at any rate, that he could do so, provided he gave the matter such attention and so far informed himself as to the same, that the estimate filed may properly be said to reflect his own judgment in the premises, and not alone that of a private individual not bound by the sanctity of an oath of office. And in the absence of evidence to the contrary it must be presumed that the officer performed his duty in this respect, for such is the presumption which obtains in such a case." See also the cases of City of Webster Groves v. Reber (Mo. App.), 226 S. W. l. c. 79; Grant City to Use of O'Neil v. Salmon (Mo. App.), 288 S. W. l. c. 90; Gast v. Langston (Mo. App.), 15 S. W. (2d) l. c. 356.

It appears from the record that the contract price for the improvement was $17,233.45 and it is admitted by the plaintiff that there was added to this $838.18 for engineering expenses, which was five per cent of the contract price which plaintiff has expressed a willingness to deduct if found to be improper. Since the property owners were not liable for any amount in excess of the contract price it was improper to add to the tax bill the cost of the engineer's services in supervising the work. [City of Boonville ex rel. v. Rogers, 125 Mo. App. 142, 101 S. W. 1120; Walsh v. Bank, 139 Mo. App. l. c. 648, 123 S. W. 1001; City of Washington v. Mueller (Mo. App.), 287 S. W. l. c. 861.] But under the cases cited the addition of this

amount to the tax bill does not render the tax bill void but the same may be deducted from the amount thereof.

From what we have said it results that the judgment must be reversed and the cause remanded to the Circuit Court with directions that if the plaintiff will credit the tax bill with the five per cent for engineering services that thereupon judgment be entered in favor of the plaintiff for the reduced amount.

It is so ordered. *Becker* and *Nipper, JJ.*, concur.