**STATE ex rel. Clem C. GOVE, et al., Relators,**

**v.**

**Honorable Joseph T. TATE, Judge, Respondent.**

**No. 54151.**

Supreme Court of Missouri, En Banc.

July 14, 1969.

Charles H. Howard, Hendren & Andrae, Jefferson City, for relators.

Lowell McCuskey, Linn, Ralph H. Duggins, Jefferson City, for respondent.

SEILER, Judge.

This is an original action in prohibition. The question is whether the respondent judge would be exceeding his jurisdiction if he proceeds to enter an order of condemnation in an action brought by the city of Linn, a city of the fourth class, to acquire an easement across the property of relators for the construction, maintenance and operation of a sewer line, approximately four feet beneath the surface.

The answer is yes, for two reasons: First, on the record before us, there is no ordinance authorizing the city to proceed with the condemnation action. There is only a resolution which, although signed by the mayor and containing a statement of the ayes and nays is not in the form of a bill and was not read three times before passage. It does not, therefore, meet the requirements of Sec. 79.130, RSMo 1959, governing cities of the fourth class, as to how an ordinance is to be passed. It is a resolution, not an ordinance, Julian v. Mayor et al. (Mo.Sup.) 391 S.W.2d 864, 867; City of Cape Girardeau v. Fougeu, 30 Mo.App. 551, 556; City of Salisbury v. Nagel (Mo.App.) 420 S.W.2d 37, 43; see also discussion by Hyde, J., in City of Hannibal v. Winchester (Mo.Sup. banc) 391 S.W.2d 279, at 291 and by Storckman, C. J., in the same case, 391 S.W.2d at 292; also 5 McQuillan, Municipal Corporations (3rd Ed.) Sec. 15.02, pp. 51–56.

A resolution " * * * will not suffice when action on the part of a municipality is required to be taken by ordinance * * *.", Julian v. Mayor et al., supra, 391 S.W.2d l. c. 867. Action by the city of Linn, seeking to establish an easement over private property for a sewer and calling for condemnation to obtain it, is legislative in character, State ex rel. Wilkinson v. Edwards (banc) 305 Mo. 431, 266 S.W. 127, 129; State ex rel. State Highway Commission v. Gordon (banc) 327 Mo. 160, 36 S.W.2d 105, 106, and must be taken by ordinance, McGrew v. Granite Bituminous Paving Co., 247 Mo. 549, 155 S.W. 411, 416; City of Tarkio v. Clark, 186 Mo. 285, 85 S.W. 329, 331; City of Jackson v. Houck, 226 Mo.App. 835, 43 S.W.2d 908, 909; Bigelow v. City of Springfield, 178 Mo.App. 463, 162 S.W. 750, 753–754; Hisey v. City of Charleston, 62 Mo. App. 381, 384; Sec. 79.110, RSMo 1959; Sec. 88.670, subd. 1(2), RSMo 1959.

Second, the condemnation action is an attempt to appropriate private property for private, not public, use. At the hearing

on the motion to dismiss in the condemnation case, the evidence showed the sewer line ran 75 to 80 feet across relators' land to the property of one James J. Wolfe and wife on the east, where Wolfe had built a duplex. Ordinarily, Wolfe would have run a private line over his own property from the duplex to the existing main public sewer line in Grant Street, which ran in front of his and relators' property on the south. However, because Wolfe's property was lower than Grant Street, he could not do this without a sewer lift, which would increase his cost and maintenance. Wolfe had been importuning the city to cross relators' property with a sewer line to which Wolfe could tie. Sewage from Wolfe's property could then drain west by gravity and enter the public sewer in Grant Street further west at a favorable elevation. The Wolfe property was described both as a duplex and as a four-family unit. There was evidence that perhaps the sewer line could serve one more house which Wolfe was building to the east of his existing residence. Further east and north Wolfe's ground fell off so sharply that a lift station and force main would be needed in any event for any further development. There was no evidence any further development would occur or was planned and Wolfe did not testify.

Within a few weeks after the condemnation resolution was adopted and a few days after the condemnation action was filed, Wolfe arranged for a contractor to install the line at Wolfe's expense. The line was laid across relators' property under the direction of the city water superintendent, without notice to relators.

In our opinion, the city is attempting to condemn relators' property for private use. The only persons who can use the sewer line are Wolfe and his tenants or permittees. Few, if any, of the community at large would be benefited. The dominant purpose for which the condemnation is sought is to acquire an easement for a private sewer line to the Wolfe property. This was an abuse of the city's power of condemnation and the proceedings are void, Kansas City v. Hyde, 196 Mo. 498, 96 S.W. 201.

Provisional rule in prohibition made absolute.

All of the Judges concur.