The Honorable Dennis Ziegenhorn Representative, District 157 State Capitol Building, Room 413B Jefferson City, Missouri 65101
Dear Representative Ziegenhorn:
This opinion letter is in response to your questions concerning the selection of a city collector for the City of Miner, Missouri. Your specific questions are as follows:
 Under Section 79.280, RSMo, what procedure is used during the special meeting to select a successor?
 Does the mayor of a fourth class city appoint the successor with the consent and approval of the Board of Aldermen?
 Can a member of the Board of Aldermen of a fourth class city nominate a potential successor from the floor and the Board of Aldermen vote on whether to appoint the nominee?
The information included with your opinion request indicates: (1) the City of Miner is a fourth class city, (2) the city collector is an elected official, (3) the city collector has resigned, and (4) it is more than six months before a general municipal election.
Section 79.280, RSMo Supp. 1991, relating to the filling of vacancies in certain offices in fourth class cities, provides:
 79.280. Vacancies in certain offices, how filled. — if a vacancy occurs in any elective office, the mayor or the person exercising the duties of the mayor shall cause a special meeting of the board of aldermen to convene where a successor to the vacant office shall be selected. The successor shall serve until the next regular municipal election. If a vacancy occurs in any office not elective, the mayor shall appoint a suitable person to discharge the duties of such office until the first regular meeting of the board of aldermen thereafter, at which time such vacancy shall be permanently filled. [Emphasis added.]
Section 79.280 provides for a special meeting of the board of aldermen where a successor "shall be selected." However, the section sets forth no specific procedure for making the "selection."[1]
The legislative power of a city of the fourth class, vested in the board of aldermen and the mayor, can be exercised only by ordinance. City of Jackson v. Houck, 43 S.W.2d 908, 909
(Mo.App. 1931). Section 79.130, RSMo Supp. 1991, sets forth the procedure to be followed by a fourth class city in enacting an ordinance. Such section provides:
 79.130. Ordinances — procedure to enact. — The style of the ordinances of the city shall be: "Be it ordained by the board of aldermen of the city of . . . . . . . . . . , as follow:" No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it, and the ayes and nays be entered on the journal. Every proposed ordinance shall be introduced to the board of aldermen in writing and shall be read by title or in full two times prior to passage, both readings may occur at a single meeting of the board of aldermen. If the proposed ordinance is read by title only, copies of the proposed ordinance shall be made available for public inspection prior to the time the bill is under consideration by the board of aldermen. No bill shall become an ordinance until it shall have been signed by the mayor or person exercising the duties of the mayor's office, or shall have been passed over the mayor's veto, as herein provided.
Section 79.120, RSMo 1986, discusses the authority of the mayor:
 79.120. Mayor may sit in board. — The mayor shall have a seat in and preside over the board of aldermen, but shall not vote on any question except in case of a tie, nor shall he preside or vote in cases when he is an interested party. He shall exercise a general supervision over all the officers and affairs of the city, and shall take care that the ordinances of the city, and the state laws relating to such city, are complied with.
Section 79.140, RSMo 1986, concerning the signing of bills by the mayor and the adoption of ordinances if not approved by the mayor, provides:
 79.140. Bills must be signed — mayor's veto. — Every bill duly passed by the board of aldermen and presented to the mayor and by him approved shall become an ordinance, and every bill presented as aforesaid, but returned with the mayor's objections thereto, shall stand reconsidered. The board of aldermen shall cause the objections of the mayor to be entered at large upon the journal, and proceed at its convenience to consider the question pending, which shall be in this form: "Shall the bill pass, the objections of the mayor thereto notwithstanding?" The vote on this question shall be taken by ayes and nays and the names entered upon the journal, and if two-thirds of all the members-elect shall vote in the affirmative, the city clerk shall certify the fact on the roll, and the bill thus certified shall be deposited with the proper officer, and shall become an ordinance in the same manner and with like effect as if it had received the approval of the mayor. The mayor shall have power to sign or veto any ordinance passed by the board of aldermen; provided, that should he neglect or refuse to sign any ordinance and return the same with his objections, in writing, at the next regular meeting of the board of aldermen, the same shall become a law without his signature.
The procedure set forth in Section 79.130 for enacting an ordinance is mandatory. Cimasi v. City of Fenton, 659 S.W.2d 532,535 (Mo.App. 1983).
Section 79.280 provides for a successor to be selected but sets forth no specific procedure. A city exercises its legislative function through the enactment of ordinances. Because the applicable statute fails to specify any specific procedure for the "selection," the successor is to be selected by the enactment of an ordinance in accordance with the procedure set forth in Section 79.130.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 46-91
[1] With your opinion request, you provided a copy of an ordinance of the City of Miner regarding the filling of vacancies. That part of the ordinance which you provided which appears relevant to the vacancy about which you are concerned is as follows:
 SECTION THIRTEEN: Vacancies. Vacancies shall be filled as follows:
 1. If a vacancy occurs in any elective office, the board of aldermen, by ordinance shall call a special election to be held to fill such vacancy, giving at least ten days notice thereof by at least five handbills conspicuously posted in at least five public places in each ward of the city, or by publication in a newspaper printed and published within the city of the date, time and place of holding such election and of the officer to be elected; provided, that when any such vacancy occurs within six months preceding a general municipal election, . . . .
Under the situation you have described, there is more than six months before the next general municipal election. Pursuant to the foregoing ordinance, a special election would be held to fill such vacancy.
It it [is] well settled that a municipal ordinance must be in harmony with a general law of the state upon the same subject and is void if in conflict with the state law. See Missouri Attorney General Opinion No. 46-91, a copy of which is enclosed. The city ordinance providing an election to be called to fill the vacancy is inconsistent with and in irreconcilable conflict with the state statute providing a meeting of the board of aldermen to convene where a successor to the vacant office shall be selected. Therefore, Section 79.280 providing a meeting of the board of aldermen to convene where a successor to the vacant office shall be selected prevails over the city ordinance providing an election to be called to fill the vacancy.
We have not been ask to consider and we do not address the situation of a city ordinance setting forth a procedure for filling a vacancy at a meeting of the board of aldermen.