## HOPKINS *et al.*, *Appellants*, v. SCOTT.

1.  **Tax Deed :** STATUTE.   Where the statute prescribes a form for a tax deed, such form becomes a  matter of  substance  and  must be strictly followed.

2.  ———— : ————.   Where  the statute provides' that the tax deed shall be substantially in the  form prescribed such form must be substantially,  although not literally, complied with.

3.  ———— : OMISSION OF RECITALS PRESCRIBED BY  STATUTE.   While it is not necessary, in the  latter  case,  to make the recitals in the words employed in the prescribed form, yet it is necessary, that

the recitals required in such form be substantially made, and if not so made, such omission is fatal to the deed.

4. ———— : ————. The omission in a tax deed of the words, "for the payment of taxes, interest and costs then due and unpaid on said real property," is fatal to such deed, the statute having prescribed a form containing such recital and requiring that the deed should substantially comply with the form.

5. **Statute of Limitations:** VOID TAX DEED. A tax deed omitting such recital is void on its face, and the special three years' statute of limitations does not run in favor of the person holding possession under such deed.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

REVERSED.

*Karnes & Ess, James F. Mister* and *R. H. Field* for appellants.

(1) The failure to recite in the deed that the property was exposed to sale by the collector, "for the payment of taxes, interest and costs due and unpaid upon said real property," is absolutely fatal to the efficacy of the deed, because it is only in such cases that the city collector had any authority whatever for selling the property at all. (2) The tax deed, authorized by the charter of the City of Kansas, must have in it the entire substance of the form therein prescribed, and the omission of any recital of fact, which recital is contained in that form, is fatal to the tax deed, and if there is any presumption it is that the law was not complied with. *Lain v. Cook*, 15 Wisconsin, 446; *Wakely v. Mohr*, 18 *Ibid*, 321; *Kroegen v. Knab*, 22 *Ibid*, 429; *Hubbard v. Johnson*, 9 Kansas, 632; *Grierson v. O'Connell*, 54 California, 522; *Hubbell v. Campbell*, 56 *Ibid*, 529; *McDermott v. Tully*, 27 Arkansas, 226; *Jacoway v. Gault*, 20 *Ibid*, 19; *Atkinson v. Kinnon*, 20 Wendell (N. Y.) 249; *Merritt et al. v. Porchester*,

71 N. Y. 309; *Keith v. Preston*, 5 Grattan (Va.) 120; *French v. Patterson*, 61 Maine, 203; *Lovejoy v. Lunt*, 48 Maine, 378; *Chandler v. Spear*, 22 Vermont, 383; *Long v. Burnett*, 13 Iowa, 29; *Yankee v. Thompson*, 51 Missouri, 234, 238; *Little v. Herndon*, 10 Wallace (U. S.) 26; *French v. Edwards*, 13 *Ibid*, 506. (3) The city collector has no general authority to expose to public sale real property. He has only the naked power conferred by the statute (amended charter of the City of Kansas, affirmed March 24, 1875). There can be no supplying of the omission to recite by presumption that he followed the power given in making the sale. *Hogan v. Brashears*, 13 Arkansas, 242; *McDermott v. Scully*, 27 *Ibid*, 226; *Hubbard v. Johnson*, 9 Kansas, 634; *Long v. Burnett*, 13 Iowa, 28; *French v. Patterson*, 61 Maine, 210; *Woodward v. Sloan*, 27 Ohio, 592; *Yankee v. Thompson*, 51 Missouri, 237; Cooley on Taxation, 209, 324; Blackwell on Tax Title, 46. (4) The omission of recitals in a tax deed, such as the law requires, render it void, and such defect cannot be aided by evidence *aliunde*. *McDermott v. Scully*, 27 Arkansas, 227; *Pack v. Crawford et al.*, 29 *Ibid*, 489; *Bonnett v. Roan*, 20 *Ibid*, 114; *Hogan v. Brashears*, 13 *Ibid*, 242; *Wakeley v. Mohr*, 18 Wisconsin, 321; *Walker v. Moore*, 2 Dillon (C. C. R.) 256; Cooley on Taxation, 242. (5) Such a deed, being void upon its face, does not put into operation any statute of limitations. Burroughs on Taxation, sec. 121, p. 340; *Geike v. Kirby, Carpenter & Co.*, U. S. Circuit Court "Reporter" (1879) p. 37; *Moore v. Brown*, 11 How. (U. S.) 414; *Little v. Herndon*, 10 (Wall. U. S.) 26; *Cogal v. Ralph*, 24 Minnesota, 198; *Sheely v. Hinds*, 27 *Ibid*, 259; *McGarnock v. Pollock*, 13 Nebraska, 535; *Sutton v. Stone*, 4 *Ibid*, 319; *Kilpatrick v. Sismeross*, 23 Texas, 114.

•

*Hough, Overall & Judson* and *C. A. Kenyon* for respondent.

(1) The deed under which defendant claims is valid on its face. The statute was substantially complied with, and this is all that is required. *Hubbard v. Johnson*, 9 Kan. 632; *Williams v. McLanahan*, 67 Mo. 499; *Bank v. Musereau*, 3 Barb. Ch. 577. (2) Even if the tax deed is void upon its face, the special statute of limitations should be held to apply, the defendant, and those under whom he claims, having been in possession for the time limited. *Waterson v. Deavor*, 18 Kan. 223; *Thomas v. Stickle*, 32 Ia. 71; *Douglass v. Tillock*, 34 Ia. 262.

NORTON, J.—This is an ejectment suit to recover possession of a certain lot in the City of Kansas, described in the petition, and on the trial of the cause defendant obtained judgment, from which plaintiffs have appealed. It is conceded that the title to the lot in question is in the plaintiffs, and that they are entitled to recover, unless their title has been divested by a certain tax deed, put in evidence, through which defendant claims, or unless their right of action was barred by limitation. It is contended by plaintiffs' counsel that the tax deed, under which defendant claims title, is void upon its face. The circuit court held it to be valid, and this ruling of the court is one of the grounds of error assigned.

The first question, therefore, presented for determination is whether or not said deed is void on its face. And this question is to be determined by an application of the statute authorizing its execution to the deed, to ascertain whether it conforms to the statutory requirements. Before proceeding to make such application it may be observed that it seems to be settled, when a statute pre-

scribes the form of the tax deed, that such form becomes substance and must be strictly followed. Blackwell on Tax Title, 406 ; *Williams v. McLanahan*, 67 Mo. 500 ; *Grimm v. O'Connell*, 54 Cal. 522. As a corollary, deducible from this principle, it may be said that when the statute provides that the tax deed shall be substantially in the form prescribed, though such form need not be literally, it must be substantially, followed. While it is not necessary, in such cases, to make the recitals in the words employed in the prescribed form, it is necessary that the recitals, required in such form, be substantially made and, if not so made, such omission is fatal to the deed. *Lain v. Cook*, 15 Wis. 446 ; *Wakely v. Mohr*, 18 Wis. 321 ; *Krueger v. Knab*, 22 Wis. 429 ; *Hubbard v. Johnson*, 9 Kan. 632. It is provided by section 64 of the charter of the City of Kansas (Laws 1875, p. 237), that "tax deeds executed by the city collector shall be substantially in the following form." The statute then gives the form of the deed, and, among other recitals required to be made therein, is the following : "That the city collector did expose to public sale the real property described [*for the payment of taxes, interest and costs then due and unpaid upon said real property.*"] The tax deed relied upon by defendant contained every other recital in the form prescribed by the statute, except the one above italicized and included in the brackets, which is not only entirely omitted from the deed, but it contains no other recital equivalent to or substantially like it.

It is true that other required recitals are made in the deed in the exact language used in the form prescribed, from which an inference can be drawn that the collector did expose to public sale the property for the payment of taxes, interest and costs thereon due and unpaid ; but this does not comply with the requirement of the law, which is that the recitals shall be substantially and affirmatively made, and not that one fact, required

to be affirmatively and substantially made, may be inferred from other facts recited in the deed, which the statute also requires to be substantially and affirmatively made. The argument made by counsel in support of the validity of the deed is, that, although the recital of a fact required by the law to be substantially made is not so made, but entirely omitted from the deed, such omission is immaterial, provided you can, from other recitals of facts contained in the deed, which the statute also requires to be made, reasonably infer that the fact contained in the omitted recital took place or occurred. We think this argument unsound. The mandate of the law is that the recitals in the tax deed shall be substantially as set forth in the statutory form. The conclusion of the argument is that you may omit entirely from the deed one required recital, provided, from the other required recitals which are made in the deed, you can infer the omitted recital.

Section 64, *supra*, of the charter requires the following to be substantially stated by the collector in a tax deed, viz: "That the following described real property, situated in the City of Kansas, in the county of Jackson and state of Missouri, was subject to taxation for the year or years A. D., 18—, and whereas the taxes assessed upon said real property * * * remained due and unpaid at the date of the sale hereinafter mentioned." Suppose the collector in making his deed, after describing the property and stating that it was subject to taxation for a specified year or years, and that the taxes thereon for such year or years remained due and unpaid at the date of the sale, omitting the word assessed ; could it be reasonably claimed that such omission would be immaterial ? We think not, although in such case it might be as plausibly argued, as it is in the omission of the words in the case before us, that such omission is not material, inasmuch as, from the recital

that the property was subject to taxation and that the taxes thereon remained due and unpaid, the omitted fact that the taxes had been assessed might be inferred, as taxes on property subject to taxation could not remain due and unpaid without such taxes had been first assessed. So, in this case, it is recited in the deed in question "that the taxes remained due and unpaid at the date of the sale hereinafter mentioned," and "that at the place aforesaid, W. E. Sheffield having offered to pay the sum of $965.15, being the amount of taxes, interest and costs then due and remaining unpaid on said real property, which was, in each case, the smallest portion bid for, and payment of said sum having been made to the city collector the said property was stricken off to him."

The above recitals are in the form prescribed by the statute and it is argued that it can be plainly inferred from them that another required recital, viz: that the collector did expose the property to public sale "for the payment of taxes, interest and costs remaining due and unpaid," was made. We concede that this inference can be drawn, but it does not, therefore, follow that when the legislature has required a fact to be substantially affirmed, which is not thus affirmed, that, from other facts, which it, also, requires to be substantially affirmed, and which are affirmed, and which neither perform the same office as the omitted fact, nor necessarily include it, we can infer the omitted fact and substitute, by inference, what the law-making power has said must be affirmed. The office of the recital that the collector exposed the lots in question to sale "for the payment of taxes, interest and costs then due and unpaid," was to show that he exposed it to sale for the only purpose for which, under the law, he could sell it. The office of the other recitals was to show that it was in fact sold for the very purpose for which it had been offered for sale, and that the proceeds of the sale were applied to that pur-

pose.   It may be said, that, to hold the deed in question to be void on its face, because of its failure to state, substantially, a fact required to be thus stated, would be technical.   The answer to this is, that the legislature has required a certain fact to be substantially stated, which, in this case, has not been done, and we are not authorized to eliminate from the statute a recital which the legislature has declared the deed must substantially contain, nor are we authorized to say that this or that recital, required to be stated  substantially in a tax deed, is unnecessary and immaterial, but must, on the contrary, presume that the legislature deemed all the recitals, which it required to be set out, material.

Besides this, when it is considered that the omitted words in this deed expressed the purpose for which the estate was to be sold, and that the city collector had no power to sell it for any other purpose, the recital was necessary in order to show on the face of the deed his authority to sell.   When it is further considered that the sale in question was not a judicial sale, but one made without notice, and that the tax deed, when made and recorded, had an importance and effect attached to it not given to a deed to a purchaser of real estate at a judicial sale, made under the sanction and authority of a court, in this, that from the time of recording the tax deed it starts to running a three years' statute of limitations against the original owner of property.   If he does not sue to recover (although the tax purchaser may not be in the actual possession of it) within three years from the time of filing the deed, he is forever barred of his right of action.   When these facts are considered, in connection with the further fact that the tax deed is made conclusive evidence of some things and *prima facie* evidence of other things, it is not going too far to say that the legislature intended every recital, required to be substantially made, to be a necessary and material

one.   We must, therefore, hold that, inasmuch as a material recital in the form prescribed is not only entirely omitted from the deed in question, being neither stated in form nor substance, that it is, for that reason, void upon its face.

For further illustration of the principle that a tax deed must show an affirmative compliance with statutory requirements, in addition to the cases hereinbefore cited, the following are referred to :   *Yankee v. Thompson et al.*, 51 Mo. 234; *Lagroue et al. v. Rains et al.*, 48 Mo. 536 ; *Large v. Fisher*, 49 Mo. 307 ; *Abbott v. Doling*, 49 Mo. 302.   In the case last cited, in speaking of a sale authorized to be made by a collector without any judgment, it is said :   '' A collector's sale is essentially *ex parte*.   The officer does not act under the supervision of a court ; he acts at his own peril and by his own advice ; and must perform every pre-requisite required by the statute before the title of the citizen can be passed away from him.   The deed of the collector must show affirmatively that the law has been complied with in all particulars.''

It is further insisted by counsel that, even though the tax deed may be void on its face, the possession of defendant thereunder puts in operation the three years' statute of limitations, and that, as defendant had been in possession of the lot in question for more than three years before this suit was brought, the action of plaintiff was barred.   This precise point has been passed upon at the present term of this court, and expressly ruled against the position taken, in the case of *Mason et al., v. Crowder*, 85 Mo. 526, where it is held that the special statute of limitations of three years has no application except where the tax deed is valid on its face.

The judgment reversed and cause remanded.   All the judges concur, except Judge Henry, who dissents.