JAMES ORCHARD v. LACLEDE LAND & IMPROVEMENT COMPANY, Appellant.

Division Two, February 2, 1917.

1. **ORDER OF PUBLICATION: Different Number in Order and Suit.** An order of publication differently numbered from the action in which judgment is rendered for taxes, and differing as to name of one of the defendants, is properly admitted in evidence in rebuttal

to defendant's claim under a tax sale and deed executed under the judgment, and justifies the court in finding that it was the only process issued against the only defendant named in both order and judgment, if no objection is made when it is offered that it was an order made in a different suit.

2. ————: **Different Recitals in Judgment.** A recital in the judgment of proper service of process upon a defendant in a tax suit must yield to a recital in the order of publication, if the two conflict.

3. ————: **Wrongfully Naming One Defendant.** A judgment for taxes is not to be held void, in a collateral attack to quiet title, for that the order of publication to the defendants which rightfully named the one defendant who was the owner, wrongfully named another defendant. As to the defendant correctly named the judgment is not invalid because another defendant's name was incorrectly given in the order.

4. ————: **Description of Land.** An order of publication in a tax suit which describes the land as "S. W. 4, sec. 22-31-2 W" is void, and a judgment based thereon is void. Under the statute (Sec. 1879, R. S. 1909) the letter "T" may stand for township, and the letter "R" for range; but to omit both the words and letters is to render the statute useless and meaningless.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing*, Judge.

AFFIRMED.

*J. B. Daniel* and *Arthur T. Brewster* for appellant.

(1) The order of publication in suit No. 19 is in no way identified with the one upon which the judgment in case No. 90 is predicated. (2) The description of the land in the order of publication in tax suit No. 19 is sufficient. Sanzenbacher v. Santhuff, 220 Mo. 283; State ex rel. v. Vail, 120 Mo. 49; Miller v. Keaton, 236 Mo. 706. (3) The record of an order of publication is not required by law and is not evidence of the contents of a published order. Davidson v. Land Co., 253 Mo. 231. (4) Where the juris-diction of a court is general it will be presumed to be acting within its jurisdiction until the reverse is shown. Lawson's Presumptive Ev. (2 Ed.), pp. 29, 36. (5) An order of publication is sufficient to give the court jurisdiction of a defendant correctly named though it incorrectly names another defendant. Miller v. Keaton, 236 Mo. 710.

*C. M. Buford* and *S. A. Cunningham* for respondent.

(1) The recital of jurisdiction or of service of process contained in the judgment must be construed in connection with the whole record and may be overthrown by other recitals in the record of equal dignity and imparting equal verity, showing that the former recitals are untrue. Kunzi v. Hickman, 243 Mo. 118; Stark v. Kinchraber, 186 Mo. 647; Feurt v. Caster, 174 Mo. 303; Cloud v. Pierce City, 86 Mo. 357; Captain v. Trust Co., 177 S. W. 633. (2) The order of publication is as much a part of the record proper as the judgment itself, and if there is any conflict between the recitals in the judgment as to the terms of the order and the order itself, the latter must control, for a recital of the order must yield to the order itself. Stewart v. Allison, 150 Mo. 346; Milner v. Shipley, 94 Mo. 106; Adams v. Cowles, 95 Mo. 507; Winningham v. Trueblood, 149 Mo. 584; Norton v. Reed, 253 Mo. 236. (3) In order to constitute constructive process by an order of publication not only must the order be made but it must be published in the manner required by law. Woodruff v. Lumber Co., 242 Mo. 381. (4) An order of publication is void when it fails to properly style the case by naming only the defendants not personally served and omitting the resident defendants. Van Natta v. Real Estate Co., 221 Mo. 373. (5) The statute under which the land was sold for delinquent taxes, designates what abbreviations are allowed, and no others can be used except such as are set out in said statute. Sec. 6857, R. S. 1879; Akins v. Adams, 256 Mo. 10; O'Day v. McDaniel, 181 Mo. 534. (6) Where a case was tried by the court without a jury and no declarations of law were given, the judgment supported by any evidence or any theory of the case must be affirmed. Hanenkratt v. Brougham, 164 Mo. App. 110; Griggs v. Bridgewater, 167 Mo. App. 382.; Bank v. Boyer, 161 Mo. App. 149. (7) A judgment for taxes, to be valid as against the land, must find that the defendants named in the suit were the owners of the land. Rothenberger v. Garnett, 224 Mo. 191.

ROY, C.—Defendant has appealed from a judgment against it in a suit to quiet title to the southwest quarter of section 22, township 31, range 2 west, in Reynolds County.

The plaintiff put in evidence a complete chain of title from the Government to himself, which showed that one Alonzo T. Slaight acquired the title on February 8, 1881, and that plaintiff acquired Slaight's title in 1911.

The defendant put in evidence a sheriff's deed purporting to convey the land to the defendant. It was dated November 29, 1887, and recited that it was made in pursuance of a sale of the land under an execution based on a judgment of the circuit court rendered on May 27, 1887, in a suit against Alonzo T. Slaight and Laclede Land & Improvement Company, for the taxes on said land for the year 1885.

The plaintiff put in evidence an order of publication, the first part of which is as follows:

"Order of Publication.

"Reynolds County Circuit Court, May term A. D. 1887.

"In Vacation. February 17, 1887.

"State of Missouri, County of Reynolds—ss.

"In the Circuit Court of Reynolds County, To May term, 1887, No. 19.

"The State of Missouri, at the relation and to the use of H. C. Stevens, Collector of the Revenue of Reynolds County, Missouri, Plaintiff, against Alonzo T. Slaight and Ozark Land Company, and all unknown persons interested in the real estate herein described, defendants."

That order was directed to Alonzo T. Slaight as a non-resident of the State, notifying him of the commencement of said suit. It stated the object and general nature of the suit thus: "to enforce the lien of the State of Missouri for back taxes due for the year 1885 on the following real estate belonging to said defendants, to-wit, Sw. 4, sec. 22-31-2W."

The defendant objected to that evidence, but stated no grounds for such objection. It was overruled.

The judgment was read in evidence, the first part of which is as follows:

"The State of Missouri, at the relation and to the use of H. C. Stevens, Collector of the Revenue of Reynolds County, in the State of Missouri, Plaintiff,

vs.

Alonzo Slaight and Laclede Land & Improvement Company, Defendant.

No. 90.

Action to Enforce Payment of Taxes.

"Now at this day this cause coming on to be heard, comes the plaintiff by attorneys and Laclede Land & Improvement Company by attorney also comes and the other defendants, although duly served with legal process herein comes not, but makes default, and it appearing to the court that this is an action for the enforcement of the lien for back taxes due the State and county aforesaid, on the following real estate in Reynolds County in the State of Missouri, to-wit: S. W. 1/4, sec. 22, Twp. 31, R. 2 W."

I. Appellant insists that the order of publication read in evidence was in case No. 19, while the judgment was rendered in case No. 90, and that, for that reason, such order of publication is not material to the issues in this case and cannot be used to impeach the recital of service of process contained in the record of the judgment under which the land was sold.

**Action Differently Numbered.**

It must be conceded that the order of publication appears to be numbered differently from the judgment, and they differ as to the name of one of the defendants. When that order of publication was offered in evidence there was no objection made on the ground that it was an order made in a different suit. If such an objection had been made the discrepancy in the numbering probably could have been explained. Had there been a proper order of publication in the case in which the judgment for taxes was rendered, the defendant would have been prompt to discover it and put it in evidence. The failure

to do so, under the circumstances, justified the trial court in finding that the order of publication in evidence was the only process that had been issued against Slaight in the suit in which the judgment put in evidence was rendered.

II. The judgment recites the proper service of process on Slaight, but that recital must yield to the order of publication read in evidence. Where the two are in conflict the latter must control. [Stewart v. Allison, 150 Mo. 343; Norton v. Reed, 253 Mo. 236.]

**Recitals in Judgment.**

III. Appellant contends that the order of publication is void as against Alonzo T. Slaight because the name of the corporation defendant is different in the order of publication from what it is in the judgment. Van Natta v. Harroun Real Estate Co., 221 Mo. 373, is cited. In that case the name of one of the two defendants was left out of the order of publication. Both defendants made a special appearance in the case and moved to quash the process in the case for several reasons, none of which covered the point now under discussion. That point was not covered by the briefs of counsel in that case; yet it was there said of the order of publication:

**Wrongful Name of Defendant.**

"It was also void for the further reason that it did not properly style the case, the name of the Harroun Real Estate Company, one of the parties defendant, having been omitted, and represented that W. A. Moses was the only party defendant. The order of publication being void, and there being no personal service on defendant Moses, the court had no jurisdiction as to him."

There the attack on the order of publication was made in the same suit in which it was issued, and not collaterally as here. The courts are much more ready to sustain an objection to process or its service where the objection is made as in that case. Without criticising or approving that case, we do not consider it authority here. The defendant Slaight was named both in the process and in the judgment. We presume that he was

named in the petition. He was notified that a suit was pending against him for taxes on real estate. Under the law a judgment against him would bind all his interest in the land independently of whether any one else had any interest in it. Our statute, section 1770, does not require that the names of all the parties to the suit shall be shown in the order of publication. If there are cases where it is necessary, from the nature of the proceeding, that the names of the parties be shown in the order of publication, this is certainly not one of them. Brenen v. North, 39 N. Y. S. 975, is the only case out of this State directly in point. It was there held in a collateral attack that a decree of foreclosure of a mortgage was not void as against a defendant who was notified by publication, though in that publication the names of some of the defendants were omitted. This case is different from that, because of the fact that the name of the Ozark Land Company was substituted for that of the other corporation defendant. But that fact did not invalidate the process so far as Slaight was concerned, however it might affect the process as to the other defendants.

IV. The order of publication is void because of its failure to properly describe the land. Sec-
**Description of Land.** tion 6857, Revised Statutes 1879, now section 11520, provides that in tax proceedings the letter T may stand for township, and the letter R for range. To hold that a description in which those letters are omitted and nothing substituted for them is sufficient, would be equivalent to saying that the statute is useless and meaningless. This exact point has been before this court only once before in Akins v. Adams, 256 Mo. 2. In that case there was an intimation that the description was considered insufficient, but the case went off on another proposition. It was there said that the statute "is founded on prevailing usages in this State in relation to the use of customary numerals and abbreviations in land descriptions." Thus it is seen that the use of those letters to designate the township and range is not only customary, but is recognized by the statute. The

description in the order of publication here involved is not good under the custom nor under the statute, nor for any other reason.

The judgment is affirmed.

*White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.