**Joseph P. LEUCK and Irene M. Leuck, Plaintiffs-Appellants,**

v.

**John E. RUSSELL and Pauline Russell, Defendants-Respondents.**

**No. 12414.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 22, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied April 15, 1982.

Application to Transfer Denied May 17, 1982.

---

PREWITT, Presiding Judge.

Plaintiffs were the record owners of land sold at a tax sale. They sought to set aside the sale and the collector's deed. The Camden County Collector sold the property on August 26, 1963 for nonpayment of taxes from 1958 through 1962. Defendants purchased the property at that sale and received a certificate of purchase. On August 26, 1965, defendants presented their certificate of purchase and received a deed from the collector which they recorded on August 30, 1965. This action was instituted on February 19, 1969. After a non-jury trial, the trial judge dismissed plaintiff's petition because it was not brought within three years from the time the tax deed was recorded as required by § 140.590.[1]

■ Plaintiffs appealed here and then filed a motion requesting that the case be transferred by us to the supreme court because it involves construction of revenue laws. Because the record and briefs had not been filed, we could not determine if we had jurisdiction and took the motion with the case. Thereafter, plaintiffs filed a motion with the supreme court asking that the case be transferred to that court. The supreme court denied the request. Mindful that the supreme court's refusal to transfer was not a conclusive determination that we have jurisdiction, see *Collector of Revenue v. Parcels of Land*, 566 S.W.2d 475, 476 (Mo. banc 1978); *A. P. Green Refractories Company v. State Tax Commission of Missouri*, 621 S.W.2d 340, 341 (Mo.App.1981); we believe that this matter can be determined by applying the revenue laws and not construing them. See *State ex rel. Crawford County R–II School District v. Bouse*, 586 S.W.2d 61, 63 (Mo.App.1979). Plaintiffs' motion to transfer is denied.

Plaintiffs present one point relied on for our consideration. It reads as follows:

"The Trial Court Erred In Sustaining Defendants' Motion To Dismiss At The Close Of Plaintiffs' Evidence Because

Gene A. Hilton, Camdenton, for plaintiffs-appellants.

David T. Welch, Hugh Phillips, Phillips, McElyea, Walker & Carpenter Corp., Camdenton, for defendants-respondents.

1. All references to statutes are to RSMo 1959.

The Special Three-Year Statute of Limitations of Section 140.590 RSMo Was Tolled In That Defendants' Collector's Deed Was Void On Its Face For The Reasons That The Collector's Deed Failed To Describe The Land Conveyed With Reasonable Certainty Pursuant To Section 140.530 RSMo, And The Collector's Deed Failed To Convey The Real Estate So Sold Pursuant To Section 140.420 RSMo."

The deed from the Camden County Collector to defendants describes the property as:

"Part of the north half of lot one of the southwest quarter, and part of the north half of lot two of the southwest quarter, of section thirty-one, township thirty-nine and range seventeen, as recorded in Book 109, page 33. Except Union Electric Company easement."

Plaintiffs were conveyed the property by warranty deed in 1957. On the back of the deed the Camden County Recorder certifies that it was "recorded in the records of this office, in book *109* at page *33*". The property was described in that deed as:

"That part of the North half (N½) of Lot 1 of the Southwest quarter and that part of the North half (N½) of Lot 2 of the Southwest quarter both being in Section 31, Township 39 North, Range 17 West, Camden County, Missouri, described as follows:

From the Northeast corner of said North half Lot 1 of the Southwest quarter of Section 31, run West along the North line of said North half Lot 1 of the Southwest quarter 583.7 feet; thence South 40 degrees 07 minutes West 863.8 feet to the centerline of a road; thence along the center line of said road North 72 degrees 53 minutes West 100.0 feet for the place of beginning of tract hereby conveyed; thence continue North 72 degrees 53 minutes West 100.0 feet; thence leaving the center line of said road South 40 degrees 07 minutes West 157.9 feet to the 660 foot contour elevation of the Lake of the Ozarks; thence continue South 40 degrees 07 minutes West 120

feet, more or less; thence East 128 feet, more or less to a point bearing South 40 degrees 07 minutes West 221.9 feet, more or less, from the beginning point; thence North 40 degrees 07 minutes East 60 feet, more or less to the 660 foot contour elevation of the Lake of the Ozarks; thence continue North 40 degrees 07 minutes East 161.9 feet to the place of beginning.

Subject to road along the Northerly side of tract and subject to Union Electric Light and Power Company easement."

■ If the tax deed was void on its face the special statute of limitation contained in § 140.590 does not apply. *Heppler v. Esther*, 534 S.W.2d 533, 537 (Mo.App.1976). See also Beihl, Tax Deeds Void On Their Face and Three Year Statute of Limitations, 20 Mo.L.Rev. 87 (1955). An inadequate description of the property may render a tax deed void and prevent the statute of limitations from running. *Costello v. City of St. Louis*, 262 S.W.2d 591, 595–596 (Mo.1953) [partially overruled on other grounds in *Powell v. County of St. Louis*, 559 S.W.2d 189 (Mo. banc 1977)]. See also *Moise v. Robinson*, 533 S.W.2d 234, 241 (Mo.App. 1975).

■ Defendants admit that under the rationale of several cases, including *Costello* and *Moise*, the deed would have been ineffective absent the reference to the book and page where plaintiffs' deed was recorded. They contend that this reference supplied the necessary description of the property. There is no contention by plaintiffs that the description shown in Book 109 at page 33 was not sufficient to locate the land. In *Costello* and *Moise* it is obvious that the land could not be located by the descriptions given. Here we think it reasonably clear that the land sought to be conveyed was that described in the deed recorded in Book 109 at page 33 and one reasonably skilled in determining land locations would go to that book and page in the recorder of deeds' office in Camden County and could thereafter find the land.

■ The description of property in a deed may be made sufficient by reference to a

previously recorded instrument which includes a sufficient description. *West v. Witschner*, 428 S.W.2d 538, 544 (Mo.1968); Eckhardt and Peterson, Possessory Estates, Future Interests and Conveyances in Missouri, 23 V.A.M.S., § 84, pp. 72–73 (1952); 26 C.J.S. Deeds § 30f, p. 652.

Deeds referring to previously recorded deeds for the description of the property conveyed were held valid in *Mathews v. O'Donnell*, 289 Mo. 235, 233 S.W. 451, 457 (1921) and *Clamorgan v. The Baden & St. Louis Railway Company*, 72 Mo. 139, 141–142 (1880). See also *Clamorgan v. Hornsby*, 94 Mo. 83, 6 S.W. 651, 652–653 (1888). In *Clamorgan v. The Baden & St. Louis Railway Company*, the deed, as translated from French, conveyed "the said land recorded in Book B, page 353". Based on those holdings, we believe that the description used in the tax deed here would have sufficed had this been an attempt to make a normal conveyance.

Plaintiffs contend, however, that a tax deed must contain a sufficient description without reference to any other document. They rely primarily upon statements in *Costello v. City of St. Louis*, supra, at 594–596, that the collector must "strictly follow and observe the admonition of the statutes in the summary process of taking away from the citizen the title to the latter's land", and that the general rule that a description in a deed is sufficiently definite if it enables one reasonably skilled in such matters to locate the land "is modified" by the requirements of the statutes relating to real estate tax sales so that there must be "a full description by correct lot number, block and addition, and all with reasonable certainty. The description must be accurate, correct and definite even though abbreviations are authorized".

The only question before us is whether the deed was adequate and we do not decide what effect a reference to a previous deed in describing land might have upon any documents preliminary to the deed including the "land delinquent list". We read *Costello* as requiring a "full" description of the property in the land delinquent list and

that where applicable the description must include the lot number, block and addition designation, at least in the publication of the land delinquent list. The reference in *Costello* to containing the "full" description and the lot number, block and addition come from §§ 140.030 and 140.170.2, both of which refer to the land delinquent list. Section 140.420, relating to collector's deeds, contains no similar requirement.

However, even if we assume that *Costello* requires a "full" description and where applicable, lot, block and addition designation in a tax deed, we cannot say that the description here was insufficient. There is no claim that there was any lot, block or addition designation which was omitted and we find nothing in *Costello* or the statutes, indicating that a "full" description may not be supplied by reference. Section 140.530, on which plaintiffs rely, requires only that the description describe the land "with reasonable certainty". We believe that is no more than is required of deeds generally. The land here could have been found with reasonable certainty and we believe it was thus sufficiently described in the collector's deed.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.