William B. McCREADY and Ramona
McCready, his wife,
Plaintiffs-Respondents,

v.

Roy SOUTHARD and John Southard,
Defendants-Appellants.

No. 13339.

Missouri Court of Appeals,
Southern District,
Division One.

May 21, 1984.

Greg B. Carter, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for plaintiffs-respondents.

Albert D. Johnston, Johnston & Carlton, Carthage, for defendants-appellants.

TITUS, Judge.

This appeal concerns the validity of a collector's deed for taxes issued to defendants Roy and John Southard by the Jasper County Collector. The Circuit Court of Jasper County rendered summary judgment in favor of plaintiffs William and Ramona McCready on their petition to set aside the collector's deed and quieted in them title to the subject lands. From this judgment defendants have appealed.

Plaintiffs, husband and wife, were owners of certain real estate in Jasper County which included the South One-half of Lot 11 in Patton's Addition to the City of Joplin and miscellaneous tracts 57 and 58 in Section 3, Township 27, Range 33 in Jasper County. They failed to pay taxes on this property for the years 1977, 1978, and 1979. As a result, the Jasper County Collector placed it on his land delinquent list and caused a notice of tax sale of that property to be published in the Webb City Sentinel, a newspaper of general circulation in Jasper County. This notice, which recited that the sale would be held on August 25, 1980, included the following description of plaintiffs' property:

"Patton Addition—S ½ Lot 11

Also Lots 57 & 58 in 3–27–33.

Years: 1977—$63.56; 1978—$57.38;

1979—$53.50. Total $174.44.

William B. & Ramona McCready."

The sale was held, as advertised, on August 25, 1980, and plaintiffs' property was sold to defendants, the highest bidders, for $174.44, the total amount of plaintiffs' delinquency. Defendants were issued a certificate of purchase at that time.

On August 25, 1982, the statutorily prescribed two-year period for redemption of the land passed and the Collector executed and delivered to defendants a collector's deed, which defendants recorded on August 27, 1982.

Plaintiffs subsequently filed the instant action to set aside the collector's deed and to have themselves declared fee simple owners of the subject property. Defendants responded with a counterclaim in which they sought to have title quieted in themselves, on the strength of their collector's deed. Both sides thereafter moved for summary judgment, the trial court ruling in favor of plaintiffs.

■ In their first point relied on defendants contend the trial court erred in granting summary judgment in favor of plaintiffs on their petition to set aside the collector's deed insofar as such judgment was based on the inadequacy of consideration paid by defendants at the tax sale. Defendants correctly point out that in *Powell v. County of St. Louis*, 559 S.W.2d 189 (Mo.banc 1977), our supreme court held that inadequacy of consideration may no longer serve as a basis for attacking a collector's deed. We observe initially that, although the court below did make inquiry of counsel respecting the question of inadequate consideration, there is nothing in the court's judgment to indicate that this apparent concern in fact figured into the ultimate decision. In any event, we find it unnecessary to consider this assignment of error, given our resolution, infra, of certain of the other points raised by defendants. Review of a summary judgment is equivalent to review of a court-tried or equity proceeding and if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed. *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 165[1] (Mo.App.1981); *Flanary v. Rowlett*, 612 S.W.2d 47, 49[2] (Mo.App. 1981).

Defendants' second and third points both concern the sufficiency of the published notice of tax sale. Defendants assert the trial court erred in basing its summary judgment on the failure of the notice to contain in its description of the property to be sold 1) the words "Township" and "Range" or the abbreviations for same authorized by § 140.180 [1]; or 2) the words "to

1. All statutory references are to V.A.M.S.

the City of Joplin" immediately following "Patton's Addition." We recall that the notice included the shorthand expression "3–27–33" as designating the section, township, and range in which the property lay and that it omitted altogether any reference to the city of which the Patton Addition is a part.

Defendants concede, as well they might, that if the case of *Orchard v. Laclede Land & Improvement Co.*, 269 Mo. 647, 192 S.W. 405 (1917), "remains good law" the published notice was deficient, hence, the collector's deed void. The court in *Orchard* stated, at 406[4]:

> The order of publication is void because of its failure to properly describe the land. Section 6857, R.S. 1879, now section 11520 [both, in turn, forerunners of current § 140.180–1], provides that in tax proceedings the letter T may stand for township, and the letter R for range. To hold that a description in which those letters are omitted and nothing substituted for them is sufficient, would be equivalent to saying that the statute is useless and meaningless. [It was said in *Akins v. Adams*, 256 Mo. 2, 164 S.W. 603 (1914)] that the statute 'is founded on prevailing usages in this state in relation to the use of customary numerals and abbreviations in land descriptions.' Thus it is seen that the use of those letters to designate the township and range is not only customary, but is recognized by the statute. The description in the order of publication here involved is not good under the custom nor (sic) under the statute, nor for any other reason.

Defendants advance three reasons why *Orchard* is no longer good law. First, it was decided under a tax collection statute which provided for *judicial* foreclosure of tax liens and thus, it is argued, the question of sufficiency of the published notice therein was really a question of sufficiency of service of process via publication. Defendants intimate that because the current scheme, enacted in 1933 and popularly known as the Jones-Munger Act, provides for a simpler, extrajudicial method whereby the collector may obtain satisfaction of tax obligations, a commensurately relaxed standard of sufficiency now applies to land descriptions in published notices. Ignoring for the moment that *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and *Mitchell v. W.T. Grant*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), tend to dispel the notion that "extrajudicial" means "vigilante," we undertake to derive insight into the question of *Orchard*'s validity from such cases as *State ex rel. Martin v. Childress*, 345 Mo. 495, 134 S.W.2d 136 (1939), and *Heppler v. Esther*, 534 S.W.2d 533 (Mo.App.1976).

In *Martin* the court considered a description in the collector's land delinquent list which did not pinpoint, via metes and bounds reference, the particular part of the quarter-section in question. The court, having found occasion to allude to the tax collection law prior to Jones-Munger, observed that the latter act, "as to the effect of a bad description, is no different than the old law." *Martin*, 134 S.W.2d at 139[5]. In *Heppler* this court relied on an 1885 decision to hold a collector's deed void for failure to recite the years of delinquency. The court noted that *Hopkins v. Scott*, 86 Mo. 140 (1885),

> holds that the failure of the deed to contain the statutory recital is not cured by the fact that other required recitals contained in the deed support an inference of the fact which the missing recital should have stated. So, here, the legislature has required that a certain fact be stated 'as nearly as the nature of the case will admit,' § 140.460 V.A.M.S., and this court is not authorized to eliminate from the statute a recital which the legislature has declared to be a necessary ingredient of a tax deed. As *Hopkins* points out, it must be presumed that the legislature deemed all the recitals, which it required to be set out, material.

The court went on to state that "[a]lthough the Missouri statutes pertaining to the collection of delinquent real estate taxes have undergone revision [since *Hopkins* was decided in 1885], including the enactment of

the Jones-Munger Law in 1933, the foregoing principles retain their vitality." In view of the above-noted authority we deem it immaterial to the validity of *Orchard* that it was decided under a different tax collection statute.

What defendants regard as their second assault upon the validity of *Orchard* involves a rather strained interpretation of § 140.180–1, which provides that "In all advertisements, notices, lists, records, certificates, deeds or other papers, required to be made by or under [Chapter 140]" appropriate letters, specified in the statute, may be used as abbreviations for certain terms commonly employed in land descriptions. Defendants contend that "the language of the statute does not require the published notice to contain 'township' and 'range' or abbreviations therefore (sic), but merely indicates that letters 'may' be used to denote the township and range." True enough it is, as defendants assert, that use of the word "may," as opposed to "shall," generally means that the statute in question is permissive and not mandatory [*Bloom v. Missouri Board for Architects, P.E. and L.S.*, 474 S.W.2d 861, 864[1] (Mo. App.1971) ], but that which § 140.180–1 "permits" is the use of the specified abbreviations in place of their lengthier referents. It clearly does not afford a choice between the abbreviations and nothing at all.

Finally, defendants purport to rely on § 140.530 and *Costello v. City of St. Louis*, 262 S.W.2d 591 (Mo.1953), in arguing that the test currently to be applied in evaluating the sufficiency of the property description in a notice of tax sale is the "reasonable certainty" test. Section 140.530 provides, in relevant part, that "No sale or conveyance of land for taxes shall be valid if at the time of being listed ... the description is so imperfect as to fail to describe the land or lot with reasonable certainty." This language quite plainly indicates that the failure of a description to describe the land in question with reasonable certainty is a sufficient condition for invalidity; it does not, as defendants would have it, mean that if the description *does* describe the land with reasonable certainty it will ipso facto be valid. This much is evident from *Costello*, wherein the court, at 594–5, clarified the relationship between the reasonable certainty standard set forth in § 140.530 and the more particular requirements of §§ 140.030 and 140.170:

> We are mindful of the general rule that if the description is sufficiently definite and certain to enable one reasonably skilled in such matters to locate the land that it will be held to be adequate. But that rule is modified by the plain requirements of the [statute] that there be full description by correct lot number, block and addition, and all with reasonable certainty.

Thus, as plaintiffs correctly assert, a notice of tax sale must not only comply with the specific requirements of §§ 140.030 and 140.170 but it must also describe the property with reasonable certainty. It is readily conceivable that in a given situation the former circumstance may obtain while the latter may not.

Having considered defendants' tripartite thrust at *Orchard*, we are of the view that that case remains a valid precedent, at least insofar as it relates to the issues now before us. We emphasize that our decision concerning the sufficiency of the published notice does not turn merely on the improper reference to section, township, and range; it also presupposes consideration of the notice's failure to place "Patton's Addition" in a particular city. Given these two distinct defects, we have no reluctance in affirming the trial court's determination that the notice was invalid.

Defendants in their final point contend the trial court erred in overruling their motion for summary judgment. However, the denial of a motion for summary judgment is interlocutory and, thus, is not a final, appealable order. *Donnelly v. American Family Mutual Insurance Co.*, 652 S.W.2d 744, 745[2] (Mo.App.1983); *Research Hospital v. Williams*, 651 S.W.2d 667, 669[2] (Mo.App.1983).

In addition to raising the contentions treated supra, defendants take issue with the trial court's having disposed of this case via summary judgment. Because they did not formally assert this ground of error by means of a point relied on but instead contented themselves with a reference thereto in the argument portion of their brief, we are not duty-bound to consider it on appeal. *Cole v. Cole,* 516 S.W.2d 518, 520[5] (Mo.App.1974); *Keith v. Tucker,* 483 S.W.2d 430, 436[10] (Mo.App. 1972). In any event, the "point" is without merit, as it is to the effect that evidence should have been taken on the issue whether the notice of tax sale satisfied the reasonable certainty standard. Inasmuch as our discussion has demonstrated the fallacy of defendants' contention that the reasonable certainty test is the sole determinant of a notice's validity, we deem it immaterial that this non-issue was not exposed to trial. That the notice failed as a matter of law to comply with the statute, as construed in *Orchard,* is a sufficient basis for its invalidity.

The judgment is affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.